IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN K. BATTLE, | CASE NO. 4:14CV3201 |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| NEBRASKA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

Petitioner Steven K. Battle ("Petitioner" or "Battle") filed a Petition for Writ of Habeas Corpus (Filing No. 1) on October 6, 2014. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to conduct a preliminary review of each petition for writ of habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

### I.  BACKGROUND

The habeas corpus petition sets forth that Battle pled no contest to the charge of possession of a controlled substance on August 4, 2014, in the District Court of Cass County, Nebraska. He was sentenced to one to two years' imprisonment on August 18, 2014. (Filing No. 1 at ECF 1.) As of the date he filed his petition in this case, he had not filed an appeal to Nebraska's appellate courts. (*See id.* at ECF 3-5.)

## II. HABEAS EXHAUSTION REQUIREMENT

As set forth in 28 U.S.C. § 2254(b)(1):

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (i)    there is an absence of available State corrective process; or
           (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore fairly present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Nebraska Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

## III.  DISCUSSION

It is apparent from the habeas corpus petition that Battle did not exhaust his state court remedies prior to filing suit in this Court.  As of the date Battle filed his petition in this case, he had not presented his claims to Nebraska's appellate courts.

On the Court's own motion, Petitioner will have 30 days to show cause why this matter should not be dismissed without prejudice because his claims have not been exhausted in Nebraska's state courts.  Failure to respond to this Memorandum and Order will result in dismissal of this matter without further notice.  Accordingly,

IT IS ORDERED:

1. On the Court's own motion, Petitioner has 30 days to show cause why this matter should not be dismissed without prejudice because Petitioner has not exhausted his state court remedies;

2. Failure to respond to the Court's Memorandum and Order will result in dismissal of this matter without further notice; and

3. The Clerk's office is directed to set a pro se case management deadline in this matter with the following text: February 16, 2015: Deadline for Petitioner to show cause why case should not be dismissed.

DATED this 14th day of January, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge